United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE CHAN, et al., | No. C 05-04796 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO REMAND AND DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |
| v. | |
| UNITED SCREENERS ASSOCIATION, LOCAL ONE, et al., | |
| Defendants.   / | |

Now before the Court is plaintiffs' motion to remand this matter to state court and plaintiffs' related motion for attorneys' fees. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the hearing currently scheduled for Friday, February 3, 2006, at 9:00 a.m. For the following reasons, the Court GRANTS plaintiffs' motion to remand and DENIES plaintiffs' motion for attorneys' fees.

**DISCUSSION**

Plaintiffs in this matter are six individuals who are involved with the Service Employees Union, Local 790 ("Local 790"). Five of these individuals work as screeners for Covenant Aviation Security; the sixth is an organizer on staff at Local 790. On October 13, 2005, plaintiffs filed this action in San Francisco Superior Court, bringing seven causes of action under California law against defendants, a union that sought to represent Covenant Airport Security screeners and two of that union's directors. The complaint alleges that defendants published a series of flyers that contained false and disparaging statements about plaintiffs.

Defendants were served with the complaint on October 25, 2005, but did not retain counsel until November 18, 2005, less than a week before the deadline to remove this action to federal court. *See* Decl. of Stephen Sommers in Oppo. to Pl. Mot., ¶ 5. Defense counsel determined that the complaint implicated the National Labor Relations Act ("NLRA") because "state law torts claims in the context of a labor dispute are activities regulated by and properly adjudicated under the [NLRA]." Notice of Removal, at 2. Thus, defendants removed the case to this Court on November 22, 2005, two days before the removal deadline.

Plaintiffs have now filed a motion to remand, and seek attorneys' fees in connection with defendants' improper removal. Defendant agrees that its removal was improper. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1399 (9th Cir. 1988) ("[W]hen a claim of *Garmon*-preemption is raised, it must be considered and resolved by the state court."). Defendants, however, oppose plaintiffs' request for attorneys' fees.

The Court declines to award attorneys' fees in this case. Plaintiffs have not provided any evidence that the removal was made in bad faith. To the contrary, it appears that defense counsel had to move quickly and made a legal error. In addition, plaintiffs' counsel could have saved both parties considerable expense by attempting to resolve this matter informally, given that both parties agree that *Ethridge* directly controls this case. Accordingly, plaintiffs' motion for attorneys' fees is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiffs' motion to remand and DENIES plaintiffs' motion for attorneys' fees (Docket No. 7).

**IT IS SO ORDERED.**

Dated: January 31, 2006

SUSAN ILLSTON
United States District Judge

2